UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
JUSTIN SAMUELS,                                                         :
                                                                        :
                              Plaintiff,                                :     23 Civ. 6181
              -v-                                                       :
                                                                        :     OPINION & ORDER
BARNARD COLLEGE,                                                        :
                                                                        :
                              Defendant.                                :
                                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On July 17, 2023, plaintiff Justin Samuels, *pro se*, filed this action against defendant Barnard College ("Barnard"). Dkt. 1 (Complaint). Samuels brings claims of gender discrimination and retaliation under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq*. ("Title VI"), Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*. ("Title IX"), 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 296 *et seq*., and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*. ("NYCHRL").

On January 12, 2024, Barnard filed a motion to dismiss Samuels's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 24. On January 16, 2024, the Court directed Samuels to file, by February 2, 2024, any further amended complaint or opposition to the motion, Dkt. 26, and it referred Barnard's motion to dismiss and "all such motions" to United States Magistrate Judge Sarah L. Cave, Dkt. 27. That same day, Samuels filed a document styled as a "memorandum of points," Dkt. 31, which Judge Cave construed as his Second Amended Complaint, Dkt. 32 (the "SAC").

Currently pending is Barnard's motion to dismiss the SAC under Rule 12(b)(6). Dkt. 36 (the "motion to dismiss").

On October 3, 2024, Judge Cave issued a Report and Recommendation to this Court. *See* Dkt. 54 (the "Report"). The Report recommended that the Court (1) grant the motion to dismiss as to Samuels's discrimination claims,[1] and retaliation claim under Title VI; (2) deny the motion as to Samuels's retaliation claims under Title IX, NYSHRL, and NYCHRL; (3) deny Samuels leave to amend his pleadings; and (4) deny Barnard's application for an order enjoining Samuels from filing any further claims against Barnard, its employees, and its attorneys without this Court's prior approval. *See id*. at 37–38.

Neither party has filed objections.[2] The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report's recommendation in its entirety.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y.

---

[1] The SAC alleges gender discrimination under Title VI, Title IX, Section 1981, NYSHRL, and NYCHRL. *See* Report at 19, 25, 30.

[2] On the contrary, Samuels, on October 7, 2024, filed a letter stating that he "full[y] endorse[d]" the Report's recommendations. Dkt. 56.

July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Cave's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "the parties shall have fourteen days to file written objections" and that "failure to file these timely objections will result in a waiver of those objections for purposes of appeal," Report at 39, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

Accordingly, the Court grants in part and denies in part Barnard's motion to dismiss the SAC. The Court directs the parties to contact Judge Cave's chambers, by January 17, 2025, to schedule an initial pretrial conference. *See* Dkt. 27 (referral for general pretrial management).

The Court respectfully directs the Clerk of Court to mail a copy of this decision to Samuels at the address on file, and to close all pending motions.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 3, 2025
      New York, New York