**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- X

| | |
|---|---|
| JUSTIN SAMUELS, : | **Docket No.** |
| Plaintiff, : | 1:23-CV-06181 (PAE) (SLC) |
| - against - : | **DEFENDANT'S CASE REPORT AND PROPOSED CASE MANAGEMENT PLAN FOR PRO SE CASE** |
| BARNARD COLLEGE, : | |
| Defendant. : | |

-------------------------------------------------------------------- X

## I.        Summary of Claims, Defenses, and Relevant Issues

The only claims remaining in this matter are the retaliation claims arising under Title IX of the Education Amendments of 1972 ("Title IX"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). *See* ECF No. 54. All other claims were dismissed following defendant's pre-answer dismissal motion and the Honorable Judge Engelmayer's adoption of the Report and Recommendation (the "Report") issued by Magisttate Judge Sarah L. Cave on October 3, 2024, in its entirety.

Plaintiff alleges that defendant retaliated against him by: (1) rejecting his first screenplay submission to the Film Festival; and (2) failing to provide him a fee waiver enabling him to submit a second screenplay for consideration, in retaliation for his filing of the instant complaint and administrative complaints filed with the New York State Division of Human Rights ("NYSDHR") and the Office for Civil Rights ("OCR") regarding what plaintiff viewed as discriminatory practices and policies at Barnard College. *See* ECF Nos. 1-11 at 1; 31 at 1-2; 36-2 at 20-23, 25-28, 30; 40 at 3-4, 5, 7.

### a.    Defendant's response

Defendant asserts that plaintiff's retaliation claims are without merit. First, plaintiff's screenplay submission to the Film Festival was not selected for the Athena Film Festival Writers' Lab solely due to his low score on the selection rubric used to evaluate <u>all</u> applications, and not due to any alleged protected activity. Submissions to the screenwriting project are reviewed by external readers who use a judging rubric to calculate a final grade and then input their ratings via a submission portal called "Film Freeway." The external reader tasked with reviewing plaintiff's script scored it, on a scale of 1 to 10 in various categories, at 2, and noted other deficiencies.

Second, plaintiff's fee waiver claim is also unfounded, and his fee waiver request was rejected for legitimate, non-retaliatory reasons. Plaintiff sought and received an initial fee waiver for his first screenplay; however, his second request for a fee waiver for a second screenplay, made on December 4, 2023, was denied because it was submitted after the application process had closed

on December 1, 2023 at 11:59 p.m. PST, as posted on the submission portal. Plaintiff submitted his waiver request via e-mail on December 4, 2023 at 3:29 a.m.

II.    **Defendant** **understands its obligation to preserve information relevant to this action and is preserving that information pursuant to Your Honor's instructions.**

III.    **Proposed Schedule:**

All discovery must be completed by: August 30, 2025.

    a.    Initial Requests for Documents must be made by: March 7, 2025.

    b.    Depositions shall be completed by: July 11, 2025.

        i.    Neither party may take more than **3** depositions. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    c.    Documents from Third Parties (such as doctors) **will**/will not be required. If required, the following are the Third Parties from whom the parties will request documents: **Plaintiff's treating physician.**

        i.    Subpoenas requesting documents from Third Parties must be served by March 21, 2025. Any party that receives a production from a Third Party must provide a copy of that production to all other parties in this action.

    d.    There will/**will not** be expert testimony in this case. If expert testimony will be needed, please describe the topic on which each expert is expected to testify.

IV.    **Early Settlement or Resolution:**

The parties have not discussed the possibility of settlement. The parties request a settlement conference by no later than May 21, 2025. The following information is needed before settlement can be discussed:

    a.    Any medical bills plaintiff alleges are tied to his alleged claims.

    b.    Doctor's notes following any medical appointments made by plaintiff that are relevant to his alleged claims.

V.    **Other Matters:**

Defendant wishes to discuss the following additional topics at the Initial Management Conference:

    a.    N/A

Respectfully submitted,

Dated: New York, New York
        February 3, 2025

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**



By: _____

Nancy V. Wright
Jenna A. Agatep
*Attorneys for Defendant Barnard*
150 East 42nd Street
New York, New York 10017
(212) 490-3000
Nancy.Wright@wilsonelser.com
Jenna.Agatep@wilsonelser.com
File No. 22643.00057
