UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN SAMUELS,

Plaintiff,

-v-

BARNARD COLLEGE,

Defendant.

CIVIL ACTION NO. 23 Civ. 6181 (PAE) (SLC)

**REPORT AND RECOMMENDATION**

**SARAH L. CAVE**, United States Magistrate Judge.

**TO THE HONORABLE PAUL A. ENGELMAYER**, United States District Judge:

I.**INTRODUCTION**

In 2022, pro se Plaintiff Justin Samuels ("Mr. Samuels") filed several complaints (the "Administrative Complaints") with the United States Department of Education's Office of Civil Rights ("OCR") and the New York State Division of Human Rights ("NYSDHR") regarding what he perceived as discriminatory practices and policies at Defendant Barnard College ("Barnard"). (See ECF Nos. 1-11 at 1; 36-2 at 20–23, 25–28; 40-1). The following year, Mr. Samuels submitted a screenplay to Barnard's Athena Film Festival (the "Film Festival"). (ECF Nos. 6-3 at 1; 76-3). After Film Festival officials rejected his first screenplay, Mr. Samuels sought to enter a different work and accordingly requested a fee waiver to do so (ECF No. 76-4), but Film Festival officials never responded to his request (ECF No. 64 at 2). Alleging that (1) Barnard was engaging in discriminatory behavior against men and (2) that his rejection from the Film Festival and denial of a fee waiver were acts of retaliation for his filing of the Administrative Complaints, Mr. Samuels

filed this suit under several federal, state, and local laws.  (See generally ECF Nos. 1, 9, 31, 40).[1]

In January 2025, the Honorable Paul A. Engelmayer dismissed Mr. Samuels' discrimination claims (see ECF No. 59), leaving only the retaliation claims, as to which Barnard now moves for judgment on the pleadings.  (ECF No. 70 (the "Motion")).  For the reasons set forth below, we recommend that the Court convert the Motion to one for summary judgment and that the Motion, so converted, be GRANTED.

## II. BACKGROUND

### A.  Factual Background

On October 3, 2024, the undersigned issued a Report and Recommendation that described and analyzed Mr. Samuels' factual allegations and claims in detail.  (See ECF No. 54 (the "Report")).  Although we do not rely on the Report's statement of facts in assessing Barnard's Motion, we incorporate the Report by reference for context and, below, set forth a more limited statement of the undisputed facts.[2]

---

[1] As relevant here, Mr. Samuels brought claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX"); the New York State Human Rights Law, N.Y. Exec. L. § 296 et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL").

[2] As mentioned above and discussed below, we recommend that the Motion be converted to one for summary judgment.  Consistent with Federal Rule of Civil Procedure 56 ("Rule 56"), the statement of facts consists of information derived from "the [relevant and] admissible evidence provided by the parties in support of [or in opposition to Barnard's Motion]."  See Coley v. Brook Sharp Realty LLC, No. 13 Civ. 7527 (LAP), 2015 WL 5854015, at *1 (S.D.N.Y. Sept. 25, 2015).  Although we need not have done so, we have also independently combed the record for other admissible evidence given Mr. Samuels' pro se status. See, e.g., Arroyo-Horne v. City of New York, No. 07 Civ. 5213 (RJD), 2011 WL 864682, at *4 n.3 (E.D.N.Y. Mar. 9, 2011) (declining to "scour the record to assess whether a genuine issue of material fact exists" where pro se plaintiff's opposition to motion for summary judgment "double[d] as her statement of facts" and "contain[ed] few citations to the factual record"); see also Fed. R. Civ. P. 56(c)(3) ("The Court need consider only the cited materials, but it may consider other materials in the record.").

### 1.  The Pre-Lawsuit Administrative Complaints

On unspecified dates in 2022, Mr. Samuels submitted the Administrative Complaints about Barnard to OCR and NYSDHR.  (See ECF Nos. 1-11; 36-2 at 20–23, 25–28; 40-1).  The first complaint to NYSDHR alleged that the Film Festival "discriminate[d] against male screenwriters and filmmakers and [did] not let them apply." (ECF No. 36-2 at 22).  Mr. Samuels quoted the Film Festival's website, which allegedly then read, "Our festival highlights films showcasing women's leadership from underexplored perspectives[.]"  (Id.)  The second complaint to NYSDHR was nearly identical, stating, "[the Film Festival] discriminate[d] against male screenwriters and filmmakers and [did] not let them apply.  I am a male screenwriter, and I am harmed by programs that are only for women."  (Id. at 27).

In one complaint to OCR,[3] Mr. Samuels alleged that (1) Barnard discriminated against applicants seeking admission to Barnard's "Athena Center" "by offering opportunities and resources only for women[,]" and (2) the Film Festival improperly provided application fee waivers only to "Black and Indigenous Women of Color" and acted discriminatorily by admitting "only women and non-binary applicants . . . in November 2022 and March 2023."  (ECF Nos. 1-11 at 1; 36-2 at 30).

### 2.  Rejection from the Film Festival

On Sunday, June 25, 2023, Mr. Samuels emailed the Film Festival to request a fee waiver so that he could "submit [his] pilot script, Down on Skid Row, [on] Monday, June 26, 2023" (ECF

---

[3] The record does not attach or quote the OCR Complaints, but OCR's June 24, 2023 letter to Mr. Samuels recounts one of the OCR Complaint's allegations.  (See ECF Nos. 1-11; 40-1 (the "June 24 Letter")).

No. 76-3), which was the application deadline.  (See ECF No. 78 at 5).  Film Festival officials provided Mr. Samuels a fee waiver code the following morning.  (ECF No. 76-2).

On an unstated date, someone associated with the Film Festival reviewed Mr. Samuels' screenplay.  (See ECF No. 64-2).[4]  The reviewer opined that the screenplay's "[d]ialogue felt forced[,]" its "[p]lotting felt both rushed and slow depending on the page[,]" and its "[c]haracters were hard to track[.]"  (Id.)  Concluding that the screenplay was "[r]eally weak[,]" the reviewer recommended that it not be selected for the Film Festival.  (Id.)  Consistent with the reviewer's recommendation, on August 18, 2023, Film Festival officials emailed Mr. Samuels, stating that his script had "not been selected for inclusion in the 2023 Fall Virtual [Film Festival] Writers Lab." (ECF No. 6-3 at 1).

On August 21, 2023, Mr. Samuels filed yet another complaint to OCR, this time alleging that his rejection from the Film Festival was in retaliation for his Administrative Complaints.  (See ECF No. 7-1).

**3.  Failure to Obtain the Second Fee Waiver**

On Monday, December 4, 2023, Mr. Samuels again emailed the Film Festival, this time stating, "I just realized the [Film Festival] had an abortion pipeline project.  I have a murder mystery script concerning abortion pills.  Please send me the waiver codes."  (ECF No. 76-4).  The deadline to submit screenplays to the Film Festival's Abortion Pipeline Project was December 1, 2023, however, so Mr. Samuels' fee waiver request came after the application

---

[4] We use this admittedly vague language because it is not clear from the record the nature or extent of the reviewer's relationship to the Film Festival.  In its Reply, Barnard calls the individual "an independent reviewer" (ECF No. 77 at 2), but this description is offered as argument and not presented as admissible evidence we may consider at summary judgment.

deadline had already passed.  (ECF No. 64-3 at 1).  Mr. Samuels did not receive his requested

waiver.  (See ECF No. 64 at 2).

**B.  Procedural Background**

On July 17, 2023, Mr. Samuels filed a Complaint in this Court, asserting that Barnard

(1) discriminated against male undergraduate applicants on the basis of their sex and

(2) inappropriately considered applicants' (i) "legacy" status—that is, whether members of

applicants' families had previously attended the school—and (ii) families' ability to pay tuition,

resulting in inequitable and unconstitutional treatment of male and non-white applicants.  (ECF

No. 1 (the "Complaint") at 1–2).  Between July and October of 2023, Mr. Samuels filed three

letters containing additional allegations against Barnard, including allegations that the Film

Festival had rejected his submission in August 2023 and that OCR had initiated an investigation

in response to one of his Administrative Complaints.  (See ECF Nos. 4, 6, 7).

On October 6, 2023, the Honorable Laura Taylor Swain construed the Complaint as

seeking relief under 42 U.S.C. § 1983, Title VI, and Title IX and dismissed it without prejudice for

failure state a claim for relief under Section 1983 and failure to demonstrate Article III standing

for claims under Title VI or Title IX.  (ECF No. 8 at 1–10).  Chief Judge Swain noted, however, that

the June 24 Letter and other supplemental materials in the record identified potential theories

on which Mr. Samuels could feasibly state a claim for relief and therefore allowed him to amend

the Complaint within sixty days.  (Id. at 9–13).

The same day that Chief Judge Swain dismissed the Complaint, Mr. Samuels filed a First

Amended Complaint ("FAC"), asserting against Barnard claims for (1) retaliation under Title IX,

(2) a violation of the Equal Protection Clause, and (3) violations of the NYSHRL.  (ECF No. 9 at 1–

2).  On October 30, 2023 Judge Engelmayer—to whom this case had been reassigned (see ECF min. entry Oct. 27, 2023)—directed the United States Marshals Service to serve the FAC on Barnard.  (ECF No. 12).

On January 16, 2024, Mr. Samuels filed a letter (ECF No. 31) that the Court construed as a Second Amended Complaint ("SAC") (see ECF No. 32), which asserted claims against Barnard based on alleged (1) gender discrimination by Barnard and Film Festival officials (the "Discrimination Claims"), and (2) retaliation for filing the Administrative Complaints (the "Retaliation Claims").  (ECF No. 31).  On March 1, 2024, Barnard moved to dismiss the SAC (ECF No. 36 (the "MTD")), and on October 3, 2024, the undersigned issued the Report, which recommended that the MTD be granted in part and denied in part (ECF No. 54).   On January 3, 2025, Judge Engelmayer adopted the Report in full and dismissed the Discrimination Claims but allowed the Retaliation Claims to proceed.  (ECF No. 59).

On January 30, 2025, Barnard filed its Answer (ECF No. 64), which was accompanied by three exhibits: (1) a copy of the "Project Selection Guidelines" that Film Festival officials used to score screenplays (ECF No. 64-1); (2) a copy of Mr. Samuels' scoring report (ECF No. 64-2); and (3) a copy of a Film Festival newsletter (ECF No. 64-3).

Following a February 10, 2025 Initial Case Management Conference, Barnard filed the Motion, styled as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  (See ECF Nos. 70–71).  The Motion identifies two possible retaliatory actions: (1) Mr. Samuels' August 2023 rejection from the Film Festival (the "Rejection Claim"), and (2) the Film Festival's failure to provide Mr. Samuels a second fee waiver (the "Fee Waiver Claim").  (ECF No. 71 at 3–8).  Barnard argues in the Motion that the pleadings show that it took those actions

for legitimate, non-retaliatory reasons, and that they are therefore entitled to judgment in their favor. (Id.) In a notice accompanying the Motion, Barnard advised Mr. Samuels of the "nature and consequences of summary judgment," Hernandez v. Coffey, 582 F.3d 303, 308 (2d Cir. 2009), and warned that his claims could be dismissed without a trial if he did not respond by "filing sworn affidavits and other papers as required by Rule 56(e)." (ECF No. 70 (the "Notice") at 2). It also explained that Mr. Samuels could not oppose the Motion "simply by relying upon the allegations in [his] Complaint" but rather "must submit evidence . . . countering the facts asserted by [Barnard.]" (Id.) Finally, Barnard attached to the Notice the text of Federal Rule of Civil Procedure 56. (Id. at 4–5). Judge Engelmayer issued an Amended Order of Reference (ECF No. 72), pursuant to which we issue this Report and Recommendation.

On March 21, 2025, Mr. Samuels filed his Opposition to the Motion and appended copies of emails he had not previously provided. (See ECF No. 76 (the "Opposition")). On April 2, 2025, Barnard filed its Reply, in which it requests that (1) the Court convert the Motion from one seeking judgment on the pleadings to one for summary judgment given Mr. Samuels' submission of materials outside the pleadings, and (2) Mr. Samuels be deemed a vexatious litigant subject to prefiling restrictions. (ECF No. 77 (the "Reply") at 5–6).

### III. LEGAL STANDARDS

#### A. Conversion to Motion for Summary Judgment

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Hernandez, 582 F.3d at 307 (quoting Fed. R. Civ. P. 12(d)).[5] "A district court

---

[5] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

must ordinarily give notice to the parties before converting a motion to dismiss [or for judgment on the pleadings] into a motion for summary judgment, but a party is deemed to have notice that a motion may be converted . . . if that party should reasonably have recognized the possibility that such a conversion would occur." Toshiba Corp. v. Am. Media Int'l, LLC, 12 Civ. 800 (DLC), 2012 WL 3822759, at *4 (S.D.N.Y. Sept. 4, 2012). The Second Circuit has stressed that "[n]otice is particularly important" for pro se litigants, who "may be unaware of the consequences of [their] failure to offer evidence bearing on triable issues." Beacon Enters., Inc. v. Menzies, 715 F.2d 757, 767 (2d Cir. 1983). Accordingly, "absent a clear indication that [a] pro se litigant understands the nature and consequences of Rule 56 . . . he or she must be [ ] informed by the movant in the notice of motion or, failing that, by the district court." McPherson v. Coombe, 174 F.3d 276, 282 (2d Cir. 1999).

### B. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law[,]" and it is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005).

"The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP, 735 F.3d 114, 123 (2d Cir. 2013). If the movant meets its burden to show that no genuine factual dispute exists, "its

opponent must do more than simply show that there is some metaphysical doubt as to the material facts" and, to that end, "must come forward with specific facts showing that there is a genuine issue for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). In other words, the nonmoving party may not rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."  Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986).

"In determining whether summary judgment is warranted, [a] court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Shoreline Aviation, Inc. v. Sound Aircraft Flight Enters., Inc., No. 20 Civ. 2161 (NJC) (SIL), 2024 WL 4040352, at *7 (E.D.N.Y. Aug. 12, 2024).

### C. Pro Se Litigants

When reviewing a motion for summary judgment targeting a pro se plaintiff's claims, a court must "liberally construe [the] pleadings and briefs submitted by [the] pro se litigant[ ]," "reading such submissions to raise the strongest arguments they suggest[.]"  Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007).  But even a pro se litigant "cannot withstand a motion for summary judgment by relying merely on the allegations of a complaint."  Saldana v. Local 32B-32J Serv. Emps. Int'l Union, No. 03 Civ. 1853 (DF), 2005 WL 66895, at *2 (S.D.N.Y. Jan. 12, 2005); see Bolling v. City of New York, No. 18 Civ. 5406 (PGG) (RWL), 2021 WL 961758, at *5 (S.D.N.Y. Mar. 15, 2021) ("A pro se litigant [ ] must still meet the requirements necessary to defeat a motion for summary judgment.").

D. **The McDonnell Douglas Burden-Shifting Framework**

Claims for retaliation under Title IX, the NYSHRL, and NYCHRL are assessed under the McDonnell Douglas burden-shifting framework. *See* P*apelino v. Albany Coll. Of Pharmacy of Union Univ.*, 633 F.3d 81, 91– 92 (2d. Cir. 2011) (Title IX); *Apionishev v. Columbia Univ. in City of N.Y.*, No. 09 Civ. 6471 (SAS), 2012 WL 208998, at *7 (S.D.N.Y. Jan. 23, 2012) ("Retaliation claims under Title VII, the ADA, Title IX, and the State and City Human [R]ights Laws are analyzed under the [ ] 'burden-shifting' framework set forth by the Supreme Court in McDonnell Douglas[.]").

To prevail on a retaliation claim under this framework, a plaintiff must first establish a prima facie case of retaliation by demonstrating that "(1) []he engaged in protected activity, (2) the defendant was aware of that activity, (3) []he was subjected to a retaliatory action, or a series of retaliatory actions, that were materially adverse, and (4) there was a causal connection between the protected activity and the materially adverse action or actions." *Carr v. N.Y.C. Transit Auth.*, 76 F.4th 172, 180 (2d Cir. 2023). Once a plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to offer a "legitimate, non-retaliatory reason for the adverse [ ] action." *Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015). Once a defendant provides such an explanation, "the presumption of retaliation dissipates[,]" *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005), and the burden shifts once more to the plaintiff, who must show that the employer's explanation was pretextual and that "the desire to retaliate was the but-for cause of the adverse action[,]" *Beddoe v. Icahn Sch. of Med. at Mt. Sinai*, No. 22 Civ. 3080 (JLR), 2024 WL 989592, at *5 (S.D.N.Y. Mar. 7, 2024).

Claims for retaliation under the NYCHRL, which are "uniquely broad[,]" must be analyzed "separately and independently from any federal and state law claims[.]" *Mihalik v. Credit*

Agricole Cheuvreux N.A., Inc., 715 F.3d 102, 109 (2d Cir. 2013).  To sustain a claim for retaliation under the NYCHRL, a plaintiff "must show that []he took an action opposing . . . discrimination, and that, as a result, the [defendant] engaged in conduct that was reasonably likely to deter a person from engaging in such action[.]"  Id. at 112; see also Leon v. Columbia Univ. Med. Ctr., No. 11 Civ. 8559 (NSR), 2013 WL 6669415, at *12 (S.D.N.Y. Dec. 17, 2013) ("Under the NYCHRL the elements of retaliation are identical except that the plaintiff need not prove any 'adverse' [ ] action; instead, he must prove that something happened 'that would be reasonably likely to deter a person from engaging in protected activity.'").

### IV. DISCUSSION

As explained below, we respectfully recommend that the Court convert Barnard's Motion from one for judgment on the pleadings to one for summary judgment and that the Motion, so converted, be GRANTED.  We recommend that Barnard's renewed request that Mr. Samuels be deemed a vexatious litigant be DENIED.

### A. Conversion to a Motion for Summary Judgment is Appropriate.

Barnard styled its Motion as one for judgment on the pleadings under Rule 12(c) (see ECF Nos. 70–71), but contemplated that the Court might convert the Motion and accordingly provided in its Notice the required warning to Mr. Samuels that this could occur.  (See ECF No. 70 at 2).  The Notice advised Mr. Samuels of the "nature and consequences of summary judgment," Hernandez, 582 F.3d at 308, and warned that his claims could be dismissed without a trial if he did not respond with sworn affidavits and evidence under Rule 56(e).  (ECF No. 70 at 2).  It also explained that Mr. Samuels could not oppose the Motion "simply by relying upon the allegations in [his] Complaint" but rather "must submit evidence . . . countering the facts asserted

by [Barnard.]" (Id.)  Finally, Barnard attached the text of Rule 56.  (Id. at 4–5).  Mr. Samuels'
submission of the emails with his Opposition gives rise to the inference that he read and
understood Barnard's warnings.  (See ECF No. 76-1 – 76-4).  We are therefore satisfied that Mr.
Samuels received "unequivocal notice of the meaning and consequences of conversion to
summary judgment[,]" and recommend that the Motion be so converted.  Hernandez, 582 F.3d
at 307–08.

### B. Barnard's Motion Should be Granted.

Having found that the Motion should be converted to one for summary judgment, we
assess Mr. Samuels' claims on the factual record before us to determine if any genuine issues of
material fact exist.  For the reasons explained below, we find that there are no genuine disputes
of material fact as to the Retaliation Claims and that the Motion should therefore be GRANTED.

#### 1. Title IX and NYSHRL Retaliation

We begin with Mr. Samuels' Title IX and NYSHRL Retaliation Claims, as to which Barnard
asserts it is entitled to summary judgment based on its showing of legitimate, non-retaliatory
reasons for its actions and Mr. Samuels' failure to show that those reasons are pretextual.  (See
ECF No. 77 at 3–5).  As explained below, we find that Mr. Samuels has abandoned the Rejection
Claim and that, even if he has not, Barnard is entitled to judgment in its favor.

##### a. Legal Standard

To establish a prima facie case of retaliation under Title IX or the NYSHRL, "a plaintiff must
demonstrate that (1) []he engaged in protected activity, (2) the defendant was aware of that
activity, (3) []he was subjected to a retaliatory action, or a series of retaliatory actions, that were

materially adverse, and (4) there was a causal connection between the protected activity and the materially adverse action or actions." Carr, 76 F.4th at 180.

### b. Application

As an initial matter, we observe that Mr. Samuels' Opposition addresses only Barnard's arguments regarding the Fee Waiver Claim; nowhere does it mention his screenplay or Barnard's arguments regarding the Rejection Claim. (See ECF No. 76). On this basis, we find that Mr. Samuels has abandoned the Rejection Claim. See Jackson v. Fed. Exp., 766 F.3d 189, 195 (2d Cir. 2014) ("[A] partial response arguing that summary judgment should be denied as to some claims while not mentioning others may be deemed an abandonment of the unmentioned claims."); see also Kovaco v. Rockbestos-Surprenant Cable Corp., 834 F.3d 128, 144 (2d Cir. 2016) (inferring from plaintiff's "failure to mention" claims that "he had abandoned them" where the defendant moved for summary judgment on all claims and the plaintiff "opposed the motion with respect to all but" one claim). Even if Mr. Samuels has not abandoned the Rejection Claim, we find that Barnard is still entitled to summary judgment as to this claim.

### i. Prima Facie Showing

As to the first step of the McDonnell Douglas analysis, we find that Mr. Samuels has established a prima facie claim of retaliation based on his rejection from the Film Festival and later inability to obtain a second fee waiver, which are acts or omissions that occurred after he filed the Administrative Complaints. See Beddoe, 2024 WL 989592, at *5 ("The Court assumes without deciding that Plaintiff has established a prima facie case of retaliation based on the reduction of her compensation beginning in 2020 after her complaints regarding discrimination,

and that the burden has thus shifted to Defendants to proffer a legitimate, non-discriminatory reason for the adverse employment action.").

### ii.    Legitimate, Non-Retaliatory Reasons

Accordingly, the burden shifts to Barnard to proffer legitimate, non-retaliatory reasons for its actions. Carr, 76 F.4th at 177–78. It has done so. First, as to the Rejection Claim, Barnard offers evidence that a reviewer associated with the Film Festival assessed Mr. Samuels' screenplay and found it to be "[r]eally weak" on the grounds that its "[d]ialogue felt forced[,]" its "[p]lotting felt both rushed and slow depending on the page[,]" and that its "[c]haracters were hard to track[.]"  (ECF No. 64-2 at 2).  Based on the screenplay's poor quality, the reviewer recommended rejecting it from the Film Festival.  (See id.).

This was a legitimate, non-retaliatory reason for why Barnard did not select Mr. Samuels for the Film Festival.  Indeed, "[p]oor performance . . . is the ne plus ultra of legitimate, non-discriminatory [ ] rationales." Downey v. Adloox Inc., No. 16 Civ. 1689 (JMF), 2018 WL 5266875, at *5 (S.D.N.Y. Oct. 23, 2018); see also Adeniji v. Office of the N.Y.S. Comptroller, No. 21-2496, 2022 WL 16543188, at *2 (2d Cir. Oct. 31, 2022) (summary order) (affirming district court's finding that an employer's decision not to hire an applicant in part due to the applicant's "poor writing sample" was a legitimate, non-discriminatory basis for its decision); Simmons v. Cox, 495 F. Supp. 2d 57, 66 (D.D.C. 2007) ("Even assuming that plaintiff establishes a prima facie case of retaliation, the SEC is able to rebut the prima facie retaliation[] claims by offering legitimate nondiscriminatory reasons for the adverse employment actions.  As detailed above, the SEC's removal of plaintiff resulted from the poor quality of her work.").

As to the Fee Waiver Claim, Barnard has equally proffered a legitimate reason for denying

Mr. Samuels' a fee waiver: that Mr. Samuels requested the waiver on December 4, 2023, three

days <u>after</u> the December 1, 2023 deadline to apply to the Film Festival.  (<u>See</u> ECF No. 64-3 at 2).

<u>See</u> <u>Varughese v. Mt. Sinai Med. Ctr.</u>, No. 12 Civ. 8812 (CM) (JCF), 2015 WL 1499618, at *53

(S.D.N.Y. Mar. 27, 2025) ("[T]he Hospital has advanced a legitimate and non-discriminatory

reason why it did not authorize the change in her schedule: Varughese missed the July 1, 2011

deadline to request a scheduling change[.]").

### iii.   <u>Pretext</u>

The burden thus shifts back to Mr. Samuels, who must show that Barnard's proffered

reasons are pretextual and that retaliation was the but for cause of its action.  <u>See</u> <u>Carr</u>, 76 F.4th

at 177–78.  As to the Rejection Claim, Mr. Samuels has not proffered any evidence or argument

whatsoever and has therefore failed to meet his burden.  Accordingly, Barnard's Motion should

be granted as to the Rejection Claim arising under Title IX and the NYSHRL.  <u>See</u> <u>Beddoe</u>, 2024

WL 989592, at *5 (granting summary judgment where plaintiff "cited to no evidence that would

allow a reasonable factfinder to conclude" defendants' proffered reasons for acting were

"pretextual for retaliation"); <u>Bastian v. N.Y.C. Dep't of Educ.</u>, No. 04 Civ. 7450 (PAC), 2008 WL

2930529, at *8 (S.D.N.Y. July 29, 2008) ("Plaintiff provides no evidence that these actions were

pretextual.  This suggests that the retaliatory spin Plaintiff gives these actions is entirely of his

own creation; there is certainly no basis from which to infer that Rossi's actions were motivated

by an improper retaliatory motive.").

As to the Fee Waiver Claim, Mr. Samuels offers the conclusory argument that Barnard

"has not provided a legitimate, non-retaliatory reason for refusing to respond to [his] waiver

request." (ECF No. 76 at 2).  He further claims that Barnard's proffered reason—lateness—is pretextual because Film Festival officials previously granted him a fee waiver after the submission deadline had passed in June 2023.  (Id.)

For the reasons stated above, we find that Barnard has shown a legitimate, non-retaliatory reason for denying Mr. Samuels' fee waiver request.  We also find Mr. Samuels' pretext argument unpersuasive.  In support of his argument, Mr. Samuels has submitted emails showing that he requested a fee waiver on Sunday, June 25, 2023 and that Film Festival officials provided him a waiver the next morning, on June 26, 2023.  (See ECF No. 76-2 – 76-3).  In response to Mr. Samuels' evidence, Barnard submitted a June 2023 Film Festival newsletter showing that screenplay submissions were due by Monday, June 26, 2023 at 11:59 p.m.  (See ECF No. 78 at 1, 5).  The record therefore contradicts Mr. Samuels' claim that he previously received a fee waiver code after a submission deadline had passed, and his argument is therefore not entitled to credence.  See Whitney v. Montefiore Med. Ctr., No. 21 Civ. 9623 (PAE), 2023 WL 7386400, at *19 (S.D.N.Y. Nov. 8, 2023) ("Whitney's assertion that the evaluation process was jerry-rigged against him thus is factually unsupported and does not advance his claim of pretext.").  Accordingly, Barnard's Motion should also be granted as to the Fee Waiver Claim under Title IX and the NYSHRL.

## 2.  NYCHRL Retaliation

Cognizant of our duty to assess it "separately and independently from any federal and state law claims," Mihalik, 715 F.3d at 109, we next turn to Mr. Samuels' Retaliation Claim under the NYCHRL.  As with the claims arising under Title IX and the NYSHRL, we recommend that Barnard's Motion be GRANTED.

16

### a. Legal Standard

The NYCHRL prohibits entities from "retaliat[ing] or discriminat[ing] in any manner against any person because such person has . . . opposed any practice forbidden under this chapter[.]" N.Y.C. Admin. Code § 8-107(7). As noted above, the NYCHRL imposes an identical standard to that of the NYSHRL, "except that the plaintiff need not prove any 'adverse' [ ] action; instead, he must prove that something happened 'that would be reasonably likely to deter a person from engaging in protected activity.'" Leon, 2013 WL 6669415, at *12; see also Malena v. Victoria's Secret Direct, LLC, 886 F. Supp. 2d 349, 362 (S.D.N.Y. 2012).

Courts apply the McDonnell Douglas framework to NYCHRL retaliation claims just as they do to Title IX and NYSHRL claims; however, under the NYCHRL, "summary judgment is appropriate only if the plaintiff cannot show that retaliation played any part in the [ ] decision[,]" Mihalik, 715 F.3d at 116, and a defendant must therefore also prove "that it is entitled to summary judgment under the 'mixed-motive' standard," see Uttarwar v. Lazard Asset Mgmt. LLC, No. 24-1085, 2025 WL 704278, at *2 (2d Cir. Mar. 5, 2025) (summary order) (citing Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 112–13 (1st Dep't 2012)). This standard allows a plaintiff to rebut a defendant's legitimate reasons for its actions by establishing that "the action was 'motivated at least in part by . . . [retaliation]'" rather than requiring him to "prove that the reason proffered by the [defendant] for the challenged action was actually false or entirely irrelevant." Melman, 98 A.D. 3d at 127.

### b. Application

As discussed above (see § IV.B.1.b, supra), we find that Mr. Samuels has abandoned the NYCHRL Rejection Claim by failing to oppose Barnard's arguments. But once more, even if Mr.

Samuels is not deemed to have abandoned the Rejection Claim, Barnard is still entitled to summary judgment.

### i.    **Prima Facie Case**

We find that Mr. Samuels' Administrative Complaints satisfy the protected activity element of the NYCHRL Claim.  Accordingly, we must determine if the record contains any evidence that Barnard took any action "that would be reasonably likely to deter a person from engaging in protected activity." Leon, 2013 WL 6669415, at *12.

In the Report, we found in the context of Mr. Samuels' Title IX Retaliation Claim that his rejection from the Film Festival and Film Festival officials' failure to respond to his email requesting a fee waiver could "plausibl[y] . . . dissuade a reasonable student—particularly one interested in entering the film industry—from making or supporting a charge of discrimination related to [the Film Festival]."  (ECF No. 54 at 21).  Barnard did not contest this finding, and we therefore do not disturb it.  Consequently, we find that Mr. Samuels has established a prima facie case of retaliation under the NYCHRL.

### ii.    **Legitimate, Non-Retaliatory Reasons**

Because Mr. Samuels has satisfied the first step of the McDonnell Douglas framework, the burden shifts to Barnard.  For the same reasons discussed above (see § IV.B.1.b.ii, supra), we find that it has met its burden at the second step of the McDonnell Douglas framework.

### iii.    **Pretext**

The burden thus shifts back to Mr. Samuels, who has failed to show that Barnard's proffered reasons for its actions are pretextual.  Although we previously found in the Report that Barnard's actions were sufficiently close in time to Mr. Samuels' protected activity as to "allow

for an inference—albeit a narrow one—[of causation]" (ECF No. 54 at 21–22), at the summary judgment stage, temporal proximity alone is insufficient to establish pretext. See Abrams v. Dep't of Pub. Safety, 764 F.3d 244, 254 (2d Cir. 2014) ("Though [it] might be enough to establish a prima facie case, temporal proximity alone is not enough to establish pretext in this Circuit.").

Mr. Samuels' failure to offer any other evidence of pretext—that is, something more than just the timing or sequencing of events—is fatal to his claim "even under the more liberal [NYCHRL] standards[.]" See Uttarwar, 2025 WL 704278, at *4; Sivio v. Vill. Care Max, 436 F. Supp. 3d 778, 802 (S.D.N.Y. 2020) ("[E]ven under the more relaxed NYCHRL standard, when 'Plaintiff's sole evidence of pretext' is 'the temporal proximity between [his] complaints and Defendants' discipline,' a NYCHRL retaliation claim cannot survive summary judgment if the [defendant] has shown a non-retaliatory reason for the plaintiff's mistreatment."). On this record, there is no genuine dispute that Barnard did not select Mr. Samuels' submission for the Film Festival for objective, qualitative reasons, and did not grant him a fee waiver because his request was untimely.

Accordingly, we recommend that Barnard's Motion be granted as the NYCHRL Retaliation Claim.

### 3.  Mr. Samuels Should Not be Deemed a Vexatious Litigant

Finally, we address Barnard's renewed request that the Court deem Mr. Samuels a vexatious litigant and "bar him from filing any further claims or lawsuits without leave of Court[.]" (ECF No. 78 at 1–2). The Court denied Barnard's last request for this relief on the basis that Mr. Samuels had stated claims that withstood Barnard's Motion to Dismiss. (See ECF No. 54 at 36–37). We warned Mr. Samuels, however, that "further filing of meritless claims may be

deemed harassing behavior that could subject him to prefiling restrictions in the future." (Id. at

37). Although we recommend that Barnard's Motion be granted and that summary judgment

enter in its favor, we do not recommend that Mr. Samuels be deemed a vexatious litigant at this

time, as Barnard has not shown that Mr. Samuels has flouted the Court's admonition not to file

any new meritless claims. Indeed, as discussed above, by failing to respond to many of Barnard's

arguments, he has effectively abandoned several aspects of his claims.

### V. CONCLUSION

For the reasons stated above, we respectfully recommend that:

1. Barnard's Motion be converted from a motion for judgment on the pleadings to a

   motion for summary judgment; and

2. The Motion, so converted, be GRANTED and summary judgment be entered in

   Barnard's favor.

Dated:      New York, New York
            April 29, 2025


                                              _____
                                              SARAH L. CAVE
                                              United States Magistrate Judge

*            *            *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Engelmayer.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985). If Mr. Samuels does not have access to cases cited in this Report and Recommendation that are reported on Westlaw, he may request copies from Defendant's counsel. See Local Civ. R. 7.2.