UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
JUSTIN SAMUELS,                                         :
                                                        :
                              Plaintiff,                :       23 Civ. 6181
              -v-                                       :
                                                        :       OPINION & ORDER
BARNARD COLLEGE,                                        :
                                                        :
                              Defendant.                :
                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On July 17, 2023, plaintiff Justin Samuels, *pro se*, filed this action against defendant Barnard College ("Barnard"). Dkt. 1. The operative complaint, the Second Amended Complaint ("SAC"), *see* Dkt. 32, brings claims of gender discrimination and retaliation under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI"), Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"), 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law, N.Y. Exec. L. § 296 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL").

On January 3, 2025, the Court granted, in substantial part, Barnard's motion to dismiss the SAC. Dkt. 59. It (1) dismissed Samuels's discrimination claims,[1] and retaliation claim under Title VI; and (2) sustained Samuels's retaliation claims under Title IX, NYSHRL, and NYCHRL. *Id.* at 2. On January 30, 2025, Barnard filed its Answer. Dkt. 64.

On February 26, 2025, Barnard moved for judgment on the pleadings, under Federal Rule of Civil Procedure 12(c), as to the SAC's surviving claims. Dkt. 70 (the "Rule 12(c) motion").

---

[1] The SAC alleges gender discrimination under Title VI, Title IX, Section 1981, NYSHRL, and NYCHRL. *See* Dkt. 54 at 19, 25, 30.

Solicitous of Samuels's *pro se* status, Barnard provided notice that, because the Rule 12(c) motion had relied on "additional written submissions," the Court may be required to treat it as a motion for summary judgment under Rule 56. *Id.* at 2; *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). To oppose summary judgment, it explained, Samuels could not simply rely on the SAC's allegations but rather must support his assertions as to material facts, *inter alia*, by filing sworn affidavits, witness statements, and other papers. *See* Rule 12(c) motion at 2.[2] Barnard annexed a copy of Rule 56 to its motion and directed Samuels to relevant portions of the Rule, as well as to the District's Pro Se Office for additional assistance. *Id.* at 2–3.

Also on February 26, 2025, the Court referred Barnard's Rule 12(c) motion to United States Magistrate Judge Sarah L. Cave. Dkt. 72. On March 21, 2025, Samuels filed his opposition to the Rule 12(c) motion, to which he annexed documentary evidence in support of his factual assertions. Dkt. 76. On April 2, 2025, Barnard replied, annexing an additional document. Dkts. 77–78. It requested that the Court convert the Rule 12(c) motion to a motion for summary judgment, based on Samuels's reliance on extra-pleading materials. *See* Dkt. 77 at 4.

On April 29, 2025, Judge Cave issued a Report and Recommendation to this Court. *See* Dkt. 79 (the "Report"). The Report recommended that the Court (1) treat Barnard's Rule 12(c)

---

[2] Barnard's filing contained the text prescribed by Local Civil Rule 12.1, which addresses "notice to pro se litigant who opposes a Rule 12 motion supported by matters outside the pleading." S.D.N.Y. Loc. Civ. R. 15. 1 (capitalization altered).

motion as a motion for summary judgment,[3] and (2) grant summary judgment to Barnard. *Id.* at 20.[4] It stated that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure." *Id.* at 21.

Neither party has filed objections. The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report's recommendation in its entirety.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the

---

[3] The Report correctly found that Samuels had "unequivocal notice of the meaning and consequences of conversion to summary judgment," based, centrally, on the notice accompanying Barnard's Rule 12(c) motion. Report at 11–12 (quoting *Hernandez v. Coffey*, 582 F.3d 303, 308 (2d Cir. 2009)). A district court need not separately "advise a *pro se* litigant as to the nature of summary judgment" where (1) "an opposing party has already provided the litigant with the requisite notice," or (2) "the record otherwise makes clear that the litigant understood the nature and consequences of summary judgment." *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620–21 (2d Cir. 1999) (citing *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) (per curiam), and *M.B. # 11072-054 v. Reish*, 119 F.3d 230, 232 (2d Cir.1997) (per curiam)). Both conditions are met here. First, the notice accompanying Barnard's Rule 12(c) motion provides "a short and plain statement in ordinary English that any factual assertion in the movant's affidavits will be taken as true by the district court unless the non-movant contradicts the movant with counter-affidavits or other documentary evidence." *Vital*, 168 F.3d at 620–21; *see* Dkt. 70, at 2–3. Second, as the Report highlighted, Samuels's submission of extra-pleading material along with his opposition supports that "he read and understood Barnard's warnings." Report at 12.

[4] Mindful that Samuels was proceeding *pro se*, Judge Cave liberally construed his opposition and "independently combed the record for other admissible evidence . . . ." Report at 2 n.2; *see* Fed. R. Civ. P. 56(c)(3) ("The Court need consider only the cited materials, but it may consider other materials in the record.").

record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Cave's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "the parties shall have fourteen days to file written objections" and that "failure to file these timely objections will result in a waiver of those objections for purposes of appeal," Report at 39, the parties' failure to object operates as a waiver of appellate review, *see Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court enters summary judgment in favor of Barnard. The Court respectfully directs the Clerk of Court to mail a copy of this decision to Samuels at the address on file, to terminate all pending motions, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 30, 2025
       New York, New York

4